IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SHIRLEY A. STANFORD,           )
                               )
            Plaintiff,         )
                               )
     v.                        )  Civil Action No. 04-19J
                               )
JO ANNE B. BARNHART,           )
COMMISSIONER OF                )
SOCIAL SECURITY,               )
                               )
            Defendant.         )

## MEMORANDUM JUDGMENT ORDER

AND NOW, this 18th day of July, 2005, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's application for widow's insurance benefits ("WIB") under Title II of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 8) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 6) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir.

2001). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff filed an application for WIB on September 14, 2000, alleging that a common law marriage existed between her and Thomas Clifford, the deceased wager earner. Plaintiff's application was denied. At plaintiff's request, an ALJ held a hearing on February 25, 2003, at which plaintiff appeared represented by counsel. On April 25, 2003, the ALJ issued a decision denying plaintiff's claim for WIB. In reaching that decision, the ALJ determined that a common law marriage did not exist between plaintiff and Thomas Clifford. Thus, plaintiff was not his legal widow and she was not entitled to benefits. The Appeals Council denied plaintiff's subsequent request for review, making the ALJ's decision the final decision of the Commissioner. The instant action followed.

In order to become entitled to WIB, a claimant must establish that she is the widow of the deceased insured person on whose wage earnings she is seeking benefits. 42 U.S.C. §402(e); 20 C.F.R. §404.335(a). At issue here is whether plaintiff was Thomas Clifford's widow as defined by the Act. To qualify as a widow under the Act, plaintiff must have been married to Mr. Clifford for at least nine months immediately before he died. 42 U.S.C. §416(c)(1)(E); 20 C.F.R. §404.335(a)(1). To determine whether the relationship as the insured's widow is met, consideration is given to the laws of the state where the insured had a permanent

residence when he died (in this case, Pennsylvania). 42 U.S.C. §416(h)(1)(A)(i); 20 C.F.R. §404.345. If plaintiff and Mr. Clifford were validly married under Pennsylvania law when he died, the relationship requirement is met.

Plaintiff claims she is Mr. Clifford's widow because a common law marriage existed between them. Common law marriage, which is recognized in Pennsylvania, is created by the exchange of *verba in praesenti*, or the "exchange of words in the present tense, spoken with the specific purpose that the legal relationship of husband and wife is created by that." Staudenmayer v. Staudenmayer, 714 A.2d 1016, 1020 (Pa. 1998), citing, Commonwealth of Pennsylvania v. Gorby, 588 A.2d 902, 907 (Pa. 1991). A common law marriage does not require any specific form of words. Estate of Gavula, 417 A.2d 168, 171 (Pa. 1980). All that is required is proof of an agreement to enter into the legal relationship of marriage at the present time. Id.

Pennsylvania courts have developed a rebuttable presumption in favor of common law marriage where there is an absence of testimony regarding the exchange of *verba in praesenti*. The presumption arises when a party proves constant cohabitation and a reputation of marriage. In re Manfredi's Estate, 159 A.2d 697, 700 (Pa. 1960). However, "the rule which permits a finding of marriage duly entered into based upon reputation and cohabitation alone is one of necessity to be applied only in cases where other proof is not available." In re Nikitka's Estate, 29 A.2d 521, 522 (Pa. 1943). The "necessity" that would require the introduction

◈AO 72
(Rev. 8/82)

of evidence concerning cohabitation and reputation of marriage is the inability to present direct testimony regarding the exchange of *verba in praesenti*. <u>Staudenmayer</u>, 714 A.2d at 1021.

In this case, plaintiff married Mr. Clifford on December 24, 1980, and they were divorced on October 24, 1988. (R. 110-11). Plaintiff claims that she and Mr. Clifford entered into a common law marriage after their divorce. On the Statement of Marital Relationship form, plaintiff stated that she and Mr. Clifford began living together seven months after their divorce until he moved into his own apartment in July 1999 for health reasons. (R. 22). Even after Mr. Clifford moved, plaintiff stated that she continued to see him daily and care for him. (R. 167). In addition, plaintiff submitted statements from several friends and relatives that they thought she and Mr. Clifford were married based on their living arrangements.

As observed by the ALJ, plaintiff's position that a common law marriage existed is contradicted by her own testimony that there was no exchange of *verba in praesenti*, or an exchange of words between her and Mr. Clifford in the present tense, spoken with the specific purpose that the legal relationship of husband and wife be created. On the Statement of Marital Relationship, plaintiff stated "[t]he intent was that sooner or later we'd get remarried, but we never did." (R. 22). Plaintiff explained that she was afraid to remarry Mr. Clifford because he did not accept her grandchildren and she was afraid he would "get some control over them" or abuse them. (R. 22, 25). Plaintiff further stated,

"[h]e wanted us to get remarried but I said no because of the grandkids." (R. 23). These statements by plaintiff are evidence that there was no exchange of words in the present tense for the purpose of creating the legal relationship of husband and wife. By her own testimony, plaintiff failed to establish that she and Mr. Clifford entered into a common law marriage under Pennsylvania law.

Because plaintiff provided direct testimony as to the absence of the exchange of *verba in praesenti*, the rebuttable presumption, which permits evidence of cohabitation and reputation of marriage, does not operate in this case. See Staudenmayer, 714 A.2d at 1021; Nikitka, 29 A.2d at 522 ("...where the claimant herself proves that no valid contract was actually entered into, evidence as to cohabitation and reputation is worthless"). The court notes, however, that even if the presumption applied here, significant evidence contradicts plaintiff's assertion that a common law marriage existed between her and Mr. Clifford.

First, after the 1988 divorce, plaintiff resumed using her maiden name. (R. 22-23). In addition, she and Mr. Clifford maintained separate bank accounts, and they did not file joint tax returns. (R. 167-68, 187). Further, when Mr. Clifford applied for Social Security benefits in 1994, he indicated he was single. (R. 49). Likewise, when plaintiff applied for disability benefits in 1999, she indicated that she was not married. (R. 77). Finally, Mr. Clifford moved into his own apartment in July 1999, supposedly for health reasons, and he and plaintiff lived

separately until his death in July 2000. (R. 167-68). All of this evidence corroborates plaintiff's representations on the Statement of Marital Relationship and her testimony at the hearing; that is, plaintiff and Mr. Clifford did not enter into a common law marriage after their divorce.[1] For these reasons, as well as those discussed above, plaintiff does not qualify under the Act as the widow of Thomas Clifford, the deceased wage earner. Accordingly, she is not entitled to an award of WIB.

After carefully and methodically considering all of the evidence in this case, the ALJ determined that plaintiff does not qualify for an award of WIB under the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the

---

1. Despite the testimony and evidence discussed herein, plaintiff argued that pursuant to McDermott v. McDermott, 345 A.2d 914 (Pa. Super. 1975), Pennsylvania favors a finding of common law marriage when the parties "get back together" after a divorce. The McDermott case dealt with a common law remarriage following the parties' divorce after twenty years of marriage. Although the McDermott court stated that "the law's role of mere toleration of the common law relationship should be reversed and the status of remarriage favored, even if acquired with common law informality", id. at 919, significant facts were present in McDermott which led to that conclusion that are not present in the instant case. Following their divorce, when Mr. McDermott returned to Mrs. McDermott he asked her, "you want to be my wife again", to which she responded, "yes". Id. at 915. Unlike plaintiff's and Mr. Clifford's situation, the McDermott case involved the parties' expression of a clear and present intent to resume their marriage, as required to enter into a common law marriage in Pennsylvania. In addition, the McDermotts' intent was corroborated by the fact that they filed joint tax returns and established certain insurance policies and pension plans together, which named Mrs. McDermott as the beneficiary. Id. at 919. Because the facts of McDermott are distinct from this case, plaintiff's reliance on McDermott in support of her claim of a common law marriage is misplaced.

Commissioner must be affirmed.

/s/ Gustave Diamond
Gustave Diamond
United States District Judge

cc: J. Kirk Kling, Esq.
630 Pleasant Valley Boulevard
Suite B
Altoona, PA 16602

John J. Valkovci, Jr.
Assistant U.S. Attorney
224 Penn Traffic Building
319 Washington Street
Johnstown, PA 15901